Nash, J.
The motion, made in the Court below, and upon which the case is brought here, is founded upon a misconception of the principle and effect of a Nol. Pros, entered by the prosecuting officer on an Indictment. A Bill of Indictment was found against the defendant, and a nolle prosequi was entered by the Attorney General, and an alias capias was issued against the defendant, under which lie entered into a recognizance to appear at the succeeding Term. No other bill upon the same charge was sent to the Grand Jury, and the Attorney General announced his determination to send no other, but to try the defendant upon the bill then found. This was opposed on the part of the defendant, who moved to be discharged, unless the Attorney General proposed to send another bill against him for the matter charged in the first bill, or for some other alleged crime. The motion was overruled. The objection is founded upon the idea, that, although the Nol. Pros, did not discharge the defendant from answering to the charge upon another indictment, it was an effectual discharge from any liability under the bill then found. A Nol. Pros, in criminal pi-oceedings, is nothing but a declaration, on the part of *258 ■the prosecuting officer, that he will not at that time prosecute the suit farther. Its effect is to put the defendant without day — that is, he is discharged and permitted to leave the Court, without entering into a recognizance to appear at any other time — 1 ch. cr. L. 480; but it does not operate as an acquittal, for he may afterwards be again indicted for the same offence, or fresh process may be issued against him upon the same indictment, and he be tried upon it. — 6 Mod. 261 ; 1 Sal. 21. In the case of the State vs. Thompson, 3 Hawks 614, the Court say, the Attorney General has a discretionary power to enter a nolle prosequi; and upon his motion the Court ought to grant leave to issue an alias capias, returnable to the next Term, The abuse, to which such a power, on the part of the prosecuting officer, is liable, is checked and restrained by the faet, that a capias after a Nol. Pros., does not issue, as a matter of coursej upon the mere will and pleasure of the officer, but upon permission of the Court first had ; and the Court will always see, that its pi-ocess is not abused to the oppression of the citizen. In this case, although the record is silent as to the order of the Court for this purpose, we must presume it was made, under the principle, that what is done by a Court, competent to act in the matter, is rightly done.
There is no error in the interlocutory order made in the Court below.
This .opinion will be certified.
Pint Curiam. Ordered to be certified accordingly.